UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

TAMIKA HUGHES,

                          Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE
OFFICER PATRICK RYAN, POLICE
OFFICER REBECCA
BUKOFZERTAVAREZ, JANE DOES #1-5,
AND JOHN DOES #1-5.

                          Defendants.
-----------------------------------------------------------x

07 CIV 9677

COMPLAINT AND
**DEMAND FOR JURY TRIAL**

ECF Case

JUDGE COTE

Plaintiff Tamika Hughes, by her attorneys Emery Celli Brinckerhoff & Abady LLP, for her Complaint alleges as follows:

## INTRODUCTION

1.    This is a civil rights action seeking damages for Defendants' violations of Plaintiff's rights, privileges, and immunities under the United States Constitution, 42 U.S.C. § 1983, and New York State common law. The suit arises from an incident on November 2, 2006 during which, for no apparent reason, Officer Patrick Ryan, a white police officer from the 44th Precinct, brutally beat, falsely detained, arrested, wrongfully imprisoned, and severely injured Tamika Hughes, an African-American young woman who was doing nothing more than walking from work to her car.

2.    Plaintiff Tamika Hughes lives in New Jersey and is employed at Fuse Television, a music and entertainment cable channel with its headquarters near Madison Square Garden. She is currently a senior coordinator in media rights and licensing for Fuse. Prior to the

1

incident, Ms. Hughes was also a model. Due to the nature of the injuries she suffered – including but not limited to a fractured jaw, the loss of four teeth, and a split lip which required numerous stitches – she can no longer model.

3. Ms. Hughes has never been convicted of a crime.

4. On November 2, 2006, at approximately 5:45 p.m., Ms. Hughes was walking along a street that she had been instructed to walk down by a uniformed female police officer who was re-directing traffic due to an event at Madison Square Garden. Ms. Hughes was then approached by an Officer Defendant, Patrick Ryan, who yelled at her to "turn the fuck around." Ms. Hughes politely explained that she was walking, as she had been directed by another officer, from work to her car that was parked nearby.

5. Without provocation or any justification whatsoever, Officer Ryan pushed Ms. Hughes and punched her repeatedly in the face. Ms. Hughes fell to the ground, losing consciousness briefly. Officer Ryan then handcuffed Ms. Hughes behind her back, battered her further, roughly frisked her, then wrongfully, unjustifiably, and unlawfully arrested her.

6. While Ms. Hughes was in custody, Officer Ryan harassed her and denied her medical treatment. He then falsely and maliciously prosecuted her, levying and pursuing serious criminal charges against Ms. Hughes over the course of many months. Eventually, all of the charges against Ms. Hughes were dismissed.

7. This Complaint, arising from these outrageous and unlawful acts, seeks compensatory and punitive damages, costs, disbursements, and attorneys' fees pursuant to applicable state and federal civil rights law.

## THE PARTIES

8. Plaintiff Tamika Hughes is a citizen of the United States and resided in

Edgewater, New Jersey at the time of the events giving rise to this Complaint.

9. Defendant City of New York ("City") is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York City Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

10. At all times relevant hereto, Defendant Police Officer Patrick Ryan, shield #29054 ("Ryan"), was a police officer of the NYPD, acting in the capacity of agent, servant, and employee of Defendant City, and within the scope of his employment as such. On information and belief, at all times relevant hereto, Defendant Ryan was under the command of the 44th Precinct.

11. At all times relevant hereto, Defendant Police Officer Rebecca Bukofzertavarez, shield #086689 ("Bukofzertavarez"), was a police officer of the NYPD, acting in the capacity of agent, servant, and employee of Defendant City, and within the scope of her employment as such. On information and belief, at all times relevant hereto, Defendant Bukofzertavarez was under the command of the 44th Precinct. On information and belief, on November 2, 2006, Defendant Bukofzertavarez was responsible for processing Ms. Hughes's unlawful arrest, and failed to intervene to prevent these constitutional harms from occurring to Plaintiff.

12. At all times relevant hereto, Defendants Police Officers Jane Doe #1-5,

and John Doe #1-5, whose actual names and shield numbers Plaintiff has been unable to ascertain notwithstanding reasonable efforts to do so, but who is sued herein by the fictitious designation "Jane Doe" and "John Doe", were police officers of the NYPD, acting in the capacity of agent, servant, and employee of Defendant City, and within the scope of their employment as such. On information and belief, on November 2, 2006, Defendants Jane and John Does were responsible for processing Ms. Hughes's unlawful arrest, failed to provide her with medical attention, and/or despite witnessing some portion of the assault on Plaintiff and her unlawful arrest, failed to intervene to prevent these constitutional harms from occurring to Plaintiff.

13. At all times relevant hereto, Officer Ryan, Officer Bukofzertavarez, and Jane and John Does #1-5 (collectively the "Officer Defendants") were acting under the color of state law.

## JURISDICTION AND VENUE

14. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and New York state common law.

15. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a), and the doctrine of pendent jurisdiction.

16. The acts complained of occurred in the Southern District of New York and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

## JURY DEMAND

17. Plaintiff demands trial by jury in this action.

## FACTUAL ALLEGATIONS

18. At approximately 5:45 p.m., on or about November 2, 2006, Plaintiff Tamika Hughes was walking to her car from work, both of which were near Madison Square

Garden.

19. Plaintiff was not breaking any laws.

20. On the way to her car, which was parked in a nearby parking lot, Ms. Hughes encountered a uniformed female officer near a set of barricades. The female officer told her to walk around the barricades. Ms. Hughes followed the officer's instructions and walked around the barricades directly toward her car.

21. Soon thereafter, a white male police officer, who she later learned was Officer Ryan, approached her and yelled, "Turn the fuck around and go around like everyone else!" Ms. Hughes politely explained that she works nearby and is just trying to get to her car. Without providing any reason for or warning of his action, Officer Ryan then pushed Ms. Hughes and punched her with closed fists in the eye and mouth. Ms. Hughes fell to the ground, losing consciousness for a short period of time.

22. Officer Ryan then handcuffed Ms. Hughes behind her back, hooking her heavy purse into the handcuffs. He then dragged her to a nearby building, slammed her head into the building, kicked her legs apart, and roughly searched her.

23. A white female officer was nearby during the incident but did nothing, despite Ms. Hughes's pleas for help. On information and belief, this female officer is Officer Rebecca Bukofzertavarez, shield #08689, of the 44th Precinct.

24. At no point, from the moment that Officer Ryan approached Ms. Hughes, did Ms. Hughes offer any resistance or defense, verbally or physically, to the assault.

25. Ms. Hughes was eventually placed in a police van and transported to the 44th Precinct in New York, New York.

26. When she arrived at the 44th Precinct, Officer Ryan looked at her and

laughed, stating that her "teeth fell on the ground like a bunch of Chiclets."

27. Ms. Hughes was processed at the 44th Precinct and placed in a jail cell.

28. Despite repeated requests for medical attention, she was ignored for an extended period of time. She was left in the cell, bleeding profusely from her mouth and surrounded by a pool of her own blood.

29. Ms. Hughes also was not allowed to call her family, an attorney, or anyone else.

30. After a lengthy amount of time and repeated requests for medical attention, the Emergency Medical Technicians (EMTs) came to see Ms. Hughes. Upon taking one look at her, the EMTs said she needed to be immediately taken to the hospital. Ms. Hughes was then transported to Bellevue Hospital.

31. At Bellevue, Ms. Hughes received a number of stitches for her lip, which was split completely in two. She was also seen by an orthodontic surgeon because her jaw was fractured, two of her teeth were knocked out completely, and two of her teeth were hanging from her mouth. During the entire time at Bellevue she was handcuffed, and at points she was shackled to a bed. The pain medication made her violently ill, and she almost choked on her own vomit several times because she could not lift herself out of the bed due to the shackles.

32. While she was at the hospital, officers from NYPD's Internal Affairs Division came and questioned her about the assault and took photographs of her injuries.

33. Before her treatment was complete, she was taken from Bellevue to Central Booking at 100 Centre Street in New York, New York for arraignment.

34. At Central Booking, Plaintiff was handcuffed to a chair in the hallway because the officers did not think she was in any condition to be placed in a cell. Finally,

6

Plaintiff was then brought before a judge, charged, and released on her own recognizance. After numerous court appearances, all charges were dismissed.

35. As a direct and proximate result of their unlawful assault, battery, arrest, imprisonment, and malicious prosecution, Ms. Hughes suffered physical pain, reputational injury, medical expenses, lost wages, psychological pain, mental anguish, and other losses. Ms. Hughes continues to suffer emotional damage, physical pain, and trauma from these events.

36. Her jaw was wired shut for several weeks and she has had numerous surgeries over the past year. When her jaw was wired shut, she could not eat solid food, was very sick from the pain medication, and had to miss work. She has had several different types of replacement teeth, each type requiring another surgery. She currently has semi-permanent, bonded teeth and needs to have yet another surgery to get permanent replacement teeth. Before the brutal assault, Ms. Hughes's teeth were perfect and she depended on her mouth and teeth for part of her livelihood as a model. Because of the injuries that still have not healed, and may never completely heal, she can no longer model.

37. To this day, Ms. Hughes still suffers from severe migraines, tooth pain, and emotional injuries as a direct and proximate cause of this brutal and unjustified attack. She suffered from depression in the wake of the attack, and still has trouble sleeping, suffers from nightmares, is excessively nervous and fearful walking on public streets, and generally suffers from ongoing emotional injury. In sum, this attack and the resulting injuries have drastically changed her outlook on life and connections with others.

38. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim, sworn to by Plaintiff, was served upon the Defendants by personal delivery of the notice, in duplicate, to the Comptroller's office at 1 Centre Street, New York,

New York.

39. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

40. This action has been commenced within one year and ninety days after the happening of the event upon which the claims are based.

### FIRST CAUSE OF ACTION
42 U.S.C. § 1983 - False Arrest & False Imprisonment
(Against the Officer Defendants)

41. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

42. The Officer Defendants wrongfully and illegally arrested, detained, and imprisoned Plaintiff, charging her with assault in the second degree and resisting arrest.

43. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

44. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

45. Throughout this period, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of her liberty, imprisoned, and falsely charged.

46. At all times, the unlawful, wrongful, and false arrest and imprisonment of Plaintiff was without basis and without probable or reasonable cause.

47. All this occurred without any fault or provocation on the part of Plaintiff.

48. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as

NYPD officers. Said acts by the Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of her constitutional rights secured by the United States Constitution.

49. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

### SECOND CAUSE OF ACTION
42 U.S.C. § 1983 – Excessive Force
(Against the Officer Defendants)

50. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

51. By using excessive force and assaulting Plaintiff, and failing to prevent Officer Ryan from doing so, the Officer Defendants deprived Plaintiff of her rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

52. In addition, the Officer Defendants conspired among themselves to deprive Plaintiff of her constitutional rights secured by 42 U.S.C. § 1983 and by the Fourth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

53. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD officers. Said acts by the Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully,

9

knowingly, and with the specific intent to deprive Plaintiff of her constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

54. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
42 U.S.C. § 1983 – Malicious Prosecution
(Against the Officer Defendants)

55. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

56. The Officer Defendants maliciously commenced criminal proceedings against Plaintiff, charging her with assault in the second degree and resisting arrest.

57. The Officer Defendants charged Plaintiff with these charges falsely, maliciously, in bad faith, and without probable cause.

58. After proceedings in criminal court in which Plaintiff was forced to defend herself, all charges against Plaintiff were terminated in Plaintiff's favor.

59. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Battery
(Against All Defendants)

60. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

61. Defendants, acting within the scope of their employment, intentionally, willfully, and maliciously battered Plaintiff, when they, in a hostile and/or offensive manner

pushed, punched, and kicked Plaintiff without her consent and with the intention of causing harmful and/or offensive bodily contact to the Plaintiff and caused such battery.

62.  Defendants, their officers, agents, servants, and employees were responsible for Plaintiff's battery. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

63.  As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

### FIFTH CAUSE OF ACTION
Assault
(Against All Defendants)

64.  Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

65.  Defendants, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did violent and/or menacing act(s) which threatened such contact to the Plaintiff, and that such act(s) caused apprehension of such contact in the Plaintiff.

66.  Defendants, their officers, agents, servants, and employees were responsible for the assaults on Plaintiff. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

67.  As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CAUSE OF ACTION
Malicious Prosecution
(Against all Defendants)

68. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

69. The Officer Defendants maliciously commenced criminal proceedings against Plaintiff, charging her with assault in the second degree and resisting arrest.

70. The Officer Defendants charged Plaintiff with these charges falsely, maliciously, in bad faith, and without probable cause.

71. After proceedings in criminal court in which Plaintiff was forced to defend herself, all charges against Plaintiff were terminated in Plaintiff's favor.

72. Defendants, their officers, agents, servants, and employees were responsible for the malicious prosecution of plaintiff during this period of time. Defendant City, as employer of the Officer Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

73. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CAUSE OF ACTION
Negligence
(Against All Defendants)

74. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

75. Defendants owed a duty of care to Plaintiff.

76. Defendants breached that duty of care by assaulting and attacking Plaintiff

with extreme force and by causing severe damage to Plaintiff's body.

77. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

78. All of the foregoing occurred without any fault or provocation on the part of Plaintiff.

79. Defendants, their officers, agents, servants, and employees were responsible for the Plaintiff's arrest, detention, and imprisonment during this period of time. Defendant City, as employer of the Defendants, is responsible for their wrongdoing under the doctrine of <u>respondeat superior</u>.

### EIGHTH CAUSE OF ACTION
Negligent Hiring and Retention of Employment Services
(Against Defendant City)

80. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

81. Upon information and belief, Defendant City, through the NYPD, owed a duty of care to Plaintiff to prevent the physical and mental abuse sustained by Plaintiff.

82. Upon information and belief, Defendant City, through the NYPD, owed a duty of care to Plaintiff because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that an injury to Plaintiff or to those in a like situation would probably result from this conduct.

83. Upon information and belief, the Officer Defendants were unfit and incompetent for their positions.

84. Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that the Officer Defendants were potentially

dangerous.

85. Upon information and belief, Defendant City's negligence in hiring and retaining the Officer Defendants proximately caused Plaintiff's injuries.

86. Upon information and belief, because of the Defendant City's negligent hiring and retention of the aforementioned Officer Defendants, Plaintiff incurred significant and lasting physical and mental injury.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

(a) On the First Claim for Relief against the Officer Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. § 1988;

(b) On the Second Claim for Relief against the Officer Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. § 1988;

(c) On the Third Claim for Relief against the Officer Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. § 1988;

(d) On the Fourth Claim for Relief against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officer Defendants in an amount to be determined at trial;

(e) On the Fifth Claim for Relief against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officer Defendants in an amount to be determined at trial;

(f) On the Sixth Claim for Relief against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officer Defendants in an amount to be determined at trial;

(g) On the Seventh Claim for Relief against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officer Defendants in an amount to be determined at trial;

  (h)  On the Eighth Claim for Relief against Defendant City, compensatory damages in an amount to be determined at trial; and

  (i)  Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
   October 31, 2007

              EMERY CELLI BRINCKERHOFF & ABADY LLP

            By: _____
               Andrew G. Celli, Jr. (AG 3598)
               Elizabeth S. Saylor (ESS 8091)
               75 Rockefeller Plaza, 20th Floor
               New York, New York 10019
               (212) 763-5000
               *Attorneys for Plaintiff*

               Earl Ward (EW 2875)
               75 Rockefeller Plaza, 20th Floor
               New York, New York 10019
               (212) 763-5070
               *Attorney for Plaintiff*