UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

TAMIKA HUGHES,

                                Plaintiff,

                -against-

THE CITY OF NEW YORK, POLICE OFFICER
PATRICK RYAN, POLICE OFFICER REBECCA
BUKOFZERTAVAREZ, JANE DOES #1-5 AND JOHN
DOES #1-5,

                               Defendants

**ANSWER OF DEFENDANT CITY OF NEW YORK**

Jury Trial Demanded

07 Civ. 9677 (DLC)

------------------------------------------------------------------ x

       The City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

       1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that the suit arises from an incident on November 2, 2006, and that plaintiff purports to proceed as stated therein.

       2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint.

       3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

       4.     Denies the allegations set forth in paragraph "4" of the complaint, except admits the incident took place at approximately 5:45 p.m. on November 2, 2006.

       5.     Denies the allegations set forth in paragraph "5" of the complaint.

6. Denies the allegations set forth in paragraph "6" of the complaint, except deny knowledge or information sufficient to form a belief concerning the disposition of the criminal case against plaintiff.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits plaintiff purports to proceed as stated therein.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits the City of New York maintains a police department and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City of New York and the New York City Police Department.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits Police Officer Patrick Ryan was assigned to the 44th Precinct and respectfully refer all questions of law to the Court.

11. Denies the allegations set forth in paragraph "11" of the complaint, except admits Police Officer Rebecca Bukofzertavarez was assigned to the 44th Precinct and respectfully refer all questions of law to the Court.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, as it refers to unidentified persons.

13. Denies the allegations set forth in paragraph "13" of the complaint and respectfully refer all questions of law to the Court.

14. Denies the allegations set forth in paragraph "14" of the complaint, except admits plaintiff purports to proceed as stated therein.

15. Denies the allegations set forth in paragraph "15" of the complaint, except admits plaintiff purports to invoke the jurisdiction of this Court as stated therein.

16. Denies the allegations set forth in paragraph "16" of the complaint, except admits plaintiff purports to base venue as stated therein.

17. Paragraph "17" of the complaint sets forth no averments of fact to which a response is required.

18. Denies the allegations set forth in paragraph "18" of the complaint, except admits plaintiff was near Madison Square Garden at approximately 5:45 p.m. on November 2, 2006.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint, except denies knowledge or information sufficient to form a belief about the location of plaintiff's car and admits plaintiff fell to the ground.

22. Denies the allegations set forth in paragraph "22" of the complaint, except admits plaintiff was handcuffed.

23. Denies the allegations set forth in paragraph "23" of the complaint, except admits Rebecca Bukofzertavarez was assigned to the 44th Precinct.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint, except admits plaintiff was placed in a police van.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint, except admits plaintiff was transported to Bellevue Hospital.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint, except admits plaintiff was arraigned.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint, except admits that plaintiff was arraigned and released on her own recognizance.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint, except denies knowledge or information sufficient to form a belief as to plaintiff's physical condition.

38. Denies the allegations set forth in paragraph "38" of the complaint, except admits a purported Notice of Claim was received in the Office of the Comptroller.

39. Denies the allegations set forth in paragraph "39" of the complaint, except admits more than 30 days have elapsed since service of the purported Notice of Claim and no payment or adjustment has been made to plaintiff.

40. Denies the allegations set forth in paragraph "40" of the complaint, except admits this action was commenced on or about October 31, 2007.

41. In response to the allegations set forth in paragraph "41" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "40" inclusive of this answer, as if fully set forth herein.

42. Denies the allegations set forth in paragraph "42" of the complaint, except admits plaintiff was charged with assault in the second degree and resisting arrest.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint and respectfully refers all questions of law to the Court.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. In response to the allegations set forth in paragraph "50" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "49" inclusive of this answer, as if fully set forth herein.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint and respectfully refer all questions of law to the Court.

54. Denies the allegations set forth in paragraph "54" of the complaint.

55. In response to the allegations set forth in paragraph "55" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "54" inclusive of this answer, as if fully set forth herein.

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. Denies the allegations set forth in paragraph "57" of the complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the complaint.

59. Denies the allegations set forth in paragraph "59" of the complaint.

60. In response to the allegations set forth in paragraph "60" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "59" inclusive of this answer, as if fully set forth herein.

61. Denies the allegations set forth in paragraph "61" of the complaint.

62. Denies the allegations set forth in paragraph "62" of the complaint.

63. Denies the allegations set forth in paragraph "63" of the complaint.

64. In response to the allegations set forth in paragraph "64" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "63" inclusive of this answer, as if fully set forth herein.

65. Denies the allegations set forth in paragraph "65" of the complaint.

66. Denies the allegations set forth in paragraph "66" of the complaint and respectfully refers all questions of law to the Court.

67. Denies the allegations set forth in paragraph "67" of the complaint.

68. In response to the allegations set forth in paragraph "68" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "67" inclusive of this answer, as if fully set forth herein.

69. Denies the allegations set forth in paragraph "69" of the complaint.

70. Denies the allegations set forth in paragraph "70" of the complaint.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the complaint.

72. Denies the allegations set forth in paragraph "72" of the complaint and respectfully refer all questions of law to the Court.

73. Denies the allegations set forth in paragraph "73" of the complaint.

74. In response to the allegations set forth in paragraph "74" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "73" inclusive of this answer, as if fully set forth herein.

75. Denies the allegations set forth in paragraph "75" of the complaint and respectfully refer all questions of law to the Court.

76. Denies the allegations set forth in paragraph "76" of the complaint.

77. Denies the allegations set forth in paragraph "77" of the complaint.

78. Denies the allegations set forth in paragraph "78" of the complaint.

79. Denies the allegations set forth in paragraph "79" of the complaint.

80. In response to the allegations set forth in paragraph "80" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "79" inclusive of this answer, as if fully set forth herein.

81. Denies the allegations set forth in paragraph "81" of the complaint and respectfully refer all questions of law to the Court.

82. Denies the allegations set forth in paragraph "82" of the complaint and respectfully refer all questions of law to the Court.

83. Denies the allegations set forth in paragraph "83" of the complaint.

84. Denies the allegations set forth in paragraph "84" of the complaint.

85. Denies the allegations set forth in paragraph "85" of the complaint.

86. Denies the allegations set forth in paragraph "86" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

87. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

88. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

89. At all times relevant to the acts alleged in the complaint, defendant acted reasonably in the proper and lawful exercise of its discretion; therefore, it is entitled to state law good faith immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

90. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

91. Plaintiff has failed, in whole or in part, to comply with New York General Municipal Law § 50-e.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

92. There was probable cause for plaintiff's arrest.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

93. Any conspiracy claim is barred by the intracorporate conspiracy doctrine.

**WHEREFORE**, defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         January 31, 2008

>           MICHAEL A. CARDOZO
>           Corporation Counsel of the
>             City of New York
>           Attorney for Defendant City of New York
>           100 Church Street, Room 3-141
>           New York, New York 10007
>           (212) 788-0869
>
>           By: _____/s/_____
>               Jordan M. Smith
>               Assistant Corporation Counsel

To:   Andrew G. Celli, Jr. (by ECF)
      Elizabeth Saylor, Esq. (by ECF)
      75 Rockefeller Plaza, 20th Floor
      New York, NY 10019

      Earl Ward, Esq. (by ECF)
      Rockefeller Plaza, 20th Floor
      New York, NY 10019