UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

TAMIKA HUGHES,

                        Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
PATRICK RYAN, POLICE OFFICER REBECCA
BUKOFZERTAVAREZ, JANE DOES #1-5 AND JOHN
DOES #1-5,

                        Defendants

------------------------------------------------------------------- x

**ANSWER OF DEFENDANTS BUKOFZER-TAVAREZ AND RYAN**

Jury Trial Demanded

07 Civ. 9677 (DLC)

        Defendants Patrick Ryan and Rebecca Bukofzer-Tavarez, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that the suit arises from an incident on November 2, 2006, and that plaintiff purports to proceed as stated therein.

        2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint.

        3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

        4.    Deny the allegations set forth in paragraph "4" of the complaint, except admit the incident took place at approximately 5:45 p.m. on November 2, 2006.

        5.    Deny the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except deny knowledge or information sufficient to form a belief concerning the disposition of the criminal case against plaintiff.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit plaintiff purports to proceed as stated therein.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint, except admit plaintiff reported her address as being in Edgewater, New Jersey, on November 2, 2006.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit the City of New York maintains a police department and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City of New York and the New York City Police Department.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit Police Officer Patrick Ryan was assigned to the 44th Precinct and respectfully refer all questions of law to the Court.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit Rebecca Bukofzer-Tavarez was assigned to the 44th Precinct and respectfully refer all questions of law to the Court.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, as it refers to unidentified persons.

13. Deny the allegations set forth in paragraph "13" of the complaint and respectfully refer all questions of law to the Court.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit plaintiff purports to proceed as stated therein.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit plaintiff purports to invoke the jurisdiction of this Court as stated therein.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit plaintiff purports to base venue as stated therein.

17. Paragraph "17" of the complaint sets forth no averments of fact to which a response is required.

18. Deny the allegations set forth in paragraph "18" of the complaint, except deny knowledge or information sufficient to form a belief as to the location of plaintiff's car and admit plaintiff was near Madison Square Garden at approximately 5:45 p.m. on November 2, 2006.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint, except Deny knowledge or information sufficient to form a belief about the location of plaintiff's car and admit plaintiff fell to the ground.

22. Deny the allegations set forth in paragraph "22" of the complaint, except admit plaintiff was handcuffed.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit Rebecca Bukofzer-Tavarez was assigned to the 44th Precinct.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint, except admit plaintiff was placed in a police van.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint, except admit plaintiff was transported to Bellevue Hospital by EMTs

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint, except admit plaintiff was arraigned.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint, except admit that plaintiff was arraigned and released on her own recognizance.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint, except deny knowledge or information sufficient to form a belief as to plaintiff's physical condition.

38. Deny the allegations set forth in paragraph "38" of the complaint, except admit a purported Notice of Claim was received in the Office of the Comptroller.

39. Deny the allegations set forth in paragraph "39" of the complaint, except admit more than 30 days have elapsed since service of the purported Notice of Claim and no payment or adjustment has been made to plaintiff.

40. Deny the allegations set forth in paragraph "40" of the complaint, except admit this action was commenced on or about October 31, 2007.

41. In response to the allegations set forth in paragraph "41" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "40" inclusive of this answer, as if fully set forth herein.

42. Deny the allegations set forth in paragraph "42" of the complaint, except admit plaintiff was charged with assault in the second degree and resisting arrest.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint and respectfully refer all questions of law to the Court.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. In response to the allegations set forth in paragraph "50" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "49" inclusive of this answer, as if fully set forth herein.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint and respectfully refer all questions of law to the Court.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. In response to the allegations set forth in paragraph "55" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "54" inclusive of this answer, as if fully set forth herein.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. In response to the allegations set forth in paragraph "60" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "59" inclusive of this answer, as if fully set forth herein.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. In response to the allegations set forth in paragraph "64" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "63" inclusive of this answer, as if fully set forth herein.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint and respectfully refer all questions of law to the Court.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. In response to the allegations set forth in paragraph "68" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "67" inclusive of this answer, as if fully set forth herein.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint and respectfully refer all questions of law to the Court.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. In response to the allegations set forth in paragraph "74" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "73" inclusive of this answer, as if fully set forth herein.

75. Deny the allegations set forth in paragraph "75" of the complaint and respectfully refer all questions of law to the Court.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. Deny the allegations set forth in paragraph "78" of the complaint.

79. Deny the allegations set forth in paragraph "79" of the complaint.

80. In response to the allegations set forth in paragraph "80" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "79" inclusive of this answer, as if fully set forth herein.

81. Deny the allegations set forth in paragraph "81" of the complaint and respectfully refer all questions of law to the Court.

82. Deny the allegations set forth in paragraph "82" of the complaint and respectfully refer all questions of law to the Court.

83. Deny the allegations set forth in paragraph "83" of the complaint.

84. Deny the allegations set forth in paragraph "84" of the complaint.

85. Deny the allegations set forth in paragraph "85" of the complaint.

86. Deny the allegations set forth in paragraph "86" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

87. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

88. Defendants Ryan and Bukofzer-Tavarez have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

89. At all times relevant to the acts alleged in the complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion; therefore, they are entitled to state law good faith immunity.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

90. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendant.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

91. Plaintiff has failed, in whole or in part, to comply with New York General Municipal Law § 50-e.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

92. There was probable cause for plaintiff's arrest, detention and prosecution.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

93. Any conspiracy claim is barred by the intracorporate conspiracy doctrine.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

94. The individual defendants Ryan and Bukofzer-Tavarez have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity

**WHEREFORE,** defendants Patrick Ryan and Rebecca Bukofzer-Tavarez requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:		New York, New York
		March 6, 2008

						MICHAEL A. CARDOZO
						Corporation Counsel of the
						  City of New York
						Attorney for Defendant City of New York
						100 Church Street, Room 3-141
						New York, New York 10007
						(212) 788-0869

					By:	_____
						Jordan M. Smith
						Assistant Corporation Counsel


To:	Elizabeth Saylor, Esq. (by ECF)
	Emery Celli Brinckerhoff & Abady, LLP
	75 Rockefeller Plaza, 20th Floor
	New York, NY 10019

	Earl Ward, Esq. (by ECF)
	Rockefeller Plaza, 20th Floor
	New York, NY 10019